**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | |
|---|---|
| Tim Braun, Plaintiff, vs. Gung-Ho Company, a California corporation, Defendant. | **CIVIL FILE NO. 01-752 (ADM/AJB)** **STIPULATION AND PROTECTIVE ORDER** |

**WHEREAS**, discovery in this action between Tim Braun (hereinafter "Plaintiff") and Gung-Ho Company (hereinafter "Defendant") requires the disclosure of certain documents, things, and information that a party may assert contains confidential commercial or technical information, including client information, financial information, corporate and marketing strategies, proprietary information, trade secrets, and other competition-sensitive commercial information; and

**WHEREAS**, each party desires to protect and safeguard its information provided in discovery in this action against any unauthorized disclosure to, or use by, the other or anyone else, except to the extent required in connection with this action; and

**WHEREAS**, each party has consented and agreed to conduct discovery under and be bound by this Stipulation and Protective Order, starting from the dates of the signatures of their undersigned counsel, so that discovery may proceed.

OCT 1 7 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**NOW, THEREFORE,** it is stipulated and agreed by and between the parties, through their respective attorneys, as follows:

1. This Protective Order shall apply to all information, documents and things that are produced by a party in this action and/or which were received from the party by another under an obligation of confidentiality and which constitute or contain confidential financial, commercial, marketing or business information, trade secrets, know-how or proprietary data relating to finances, costs, customers, marketing, or other aspects of the business of the party ("Confidential Information"). The scope of this Protective Order includes, without limitation, information, documents and things responsive to requests for production of documents, interrogatories and deposition testimony, which the party designates as Confidential Information in writing, or orally if recorded as part of a discovery or testimony deposition. This Protective Order shall also apply to all information, documents and things produced in connection with this litigation by a third party, pursuant to subpoena or otherwise, if the third party requests in writing that the terms hereof shall apply to the information, documents and things produced by them, and designates the information, documents and things as Confidential Information.

2. The parties shall label or mark documents and things that constitute or contain Confidential Information with the legend "CONFIDENTIAL MATERIAL," or the like. Documents and things that constitute or contain Confidential Information shall be labeled or marked with the appropriate legend when the document or thing is produced to the party or parties seeking discovery. The designation of "CONFIDENTIAL MATERIAL " by a party constitutes the representation of that party that it reasonably and in good faith believes that the

designated material constitutes or discloses financial information, know-how, proprietary data or commercial information that has previously been maintained in confidence, or, if newly created, will be maintained in confidence.

3. If the disclosing party believes in good faith that a particular item of Confidential Information is extremely sensitive, it may, when designating such Information pursuant to paragraph 2 hereof, use the legend "CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY" or the like instead of the legend set forth in paragraph 2. A party shall not designate information as being CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY unless it reasonably believes that the disclosure of such information to a competitor could dramatically harm its business even if use of the information is restricted in the fashion described in paragraph 11 hereof. Absent Order of the Court, the only types of Confidential Information which can be designated as being "CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY" are (a) the identity of prospective new clients, (b) bids and proposals for new business, (c) financial information which does not relate to services provided by Gung-Ho on projects for Braun's accounts that had begun or were planned while Braun was employed by Gung-Ho, (d) marketing, sales, or strategic plans, and (e) trade secrets not previously disclosed to the other party.

4. Material marked, labeled or otherwise designated "CONFIDENTIAL MATERIAL" as described in this Protective Order shall be deemed and treated as Confidential Information, unless and until this Court rules to the contrary, and access thereto or disclosure thereof shall be limited to:

A. Trial counsel for the parties, including counsel's stenographic, clerical and paralegal employees whose duties and responsibilities require access to material designated Confidential Information. Counsel shall be obligated to advise its staff of the obligations under this Protective Order, including providing them with a copy hereof;

B. The parties and employees thereof who are actively engaged in assisting and/or advising trial counsel regarding the conduct of the litigation;

C. Such independent experts or consultants (i.e., experts or consultants who are not employees of the receiving party) as may be selected by counsel to furnish technical or expert services and/or give testimony in this proceeding with respect to the Confidential Information; and

D. Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, or any Special Master appointed by the Court) who agree to be or are otherwise hereby bound by the terms of this Protective Order.

All uses of CONFIDENTIAL MATERIAL by any of the foregoing individuals shall be subject to the terms of this Protective Order including, without limitation, paragraph 11 hereof.

5. Material marked, labeled or otherwise designated "CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY" as described in this Protective Order shall be deemed and treated as Confidential Information, unless and until this Court rules to the contrary, and access thereto or disclosure thereof shall be limited to trial counsel, including only those employees who have a need to review Confidential Information; independent

experts who will actually offer testimony at trial on a matter for which the subject material is directly relevant; and the Court officials identified in paragraph 4.D. above.

6. All independent experts or consultants having access to Confidential Information pursuant to paragraphs 4.C. or 5 shall be given a copy of this Protective Order prior to being shown such Confidential Information. Each such expert or consultant shall agree not to disclose to anyone not covered by this Protective Order any Confidential Information derived therefrom; shall agree not to make use of any such Confidential Information other than for purposes of this action; and shall acknowledge in writing and under oath prior to having access to such Confidential Information that he or she has read this Protective Order and agrees to comply with and be bound by it, which acknowledgment shall be an Undertaking in the form of Exhibit A as attached hereto.

7. Testimony adduced at depositions upon oral examination of current or former directors, officers, employees or agents of parties that constitutes or contains Confidential Information may be so designated when such testimony is provided or within seven (7) days after a deposition transcript is provided. The parties agree to mark all copies of such deposition transcripts with the legend "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY." After receipt of the transcript, opposing counsel can request, in writing, that the attorney asserting such confidentiality designate those portions of the testimony which are deemed to actually contain Confidential Information with the appropriate legend. After the expiration of thirty (30) days from such written request, all portions not so designated shall be free from the provisions of this Protective Order. If deposition testimony will entail disclosure of information that is considered to be

"CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY", the party whose information will be disclosed can require that the other party and any other persons who are not authorized to review such CONFIDENTIAL MATERIAL leave the room during testimony on that subject.

8. If a party, through inadvertence, produces or provides discovery of any Confidential Information without labeling or marking it with the legend "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY" as provided in paragraphs 2, 3 or 7 of this Protective Order, the party may give written notice to the receiving party that the document, thing or other discovery information, response or testimony is Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked documents, the receiving party shall return said unmarked documents and things and not retain copies thereof, and must treat such documents, things, information, responses and testimony as Confidential Information. Any expense associated with such substitution of documents shall be borne by the requesting party. Disclosure of such documents, things, information, responses and testimony prior to receipt of such notice shall not be deemed a violation of this Protective Order.

9. Nothing contained in this Protective Order shall be construed to affect or govern the scope of discovery in this action, or to preclude any party from moving this Court for a further Order pursuant to Rule 26, F.R.Civ.P., or any other provision of the Federal Rules of Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any Confidential Information deemed by counsel for the party

possessing such material to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity.

10. In the event that the parties desire to provide access to or disseminate Confidential Information to any person not otherwise entitled to access under this Protective Order, the parties may agree to allow such access or any party may move this Court for an Order that such person be given access thereto. If the motion is granted, such person may have access to Confidential Information after first signing an Undertaking in the form of Exhibit A attached hereto. Counsel shall retain the original of each such signed Undertaking through the conclusion of this action, including any appeals. Information designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY" by a party may be used in the course of any deposition on of an employee(s) of that party, the deposition of anyone with demonstrable prior knowledge of the Confidential Information, or in any other deposition with the prior consent of the party making the designation.

11. Confidential Information obtained from a party (or third party who elects to cause the terms hereof to apply to Confidential Information it discloses in the course of this litigation), including all information derived therefrom, and all copies, notes, summaries, abstracts, excerpts, indices and descriptions of such material shall be held by the receiving party in confidence, shall not be made public by any person entitled under the terms of this Protective Order to access such material through the receiving party, and shall be used only for the purposes of this litigation. Confidential Information shall not be used for any financial, commercial, marketing, business or other competitive purpose.

12. If a party believes or learns that Confidential Information is in the possession of any person other than in the manner authorized by this Protective Order, any party becoming aware of such disclosure shall immediately inform the other party of all pertinent facts relating to such disclosure and shall instruct each unauthorized person to treat such information as Confidential.

13. If any material designated Confidential Information is to be filed with the Court in connection with any proceedings in this action, such material shall be filed with the Clerk of the Court in sealed envelopes or containers prominently marked with the caption of the case, general description of the contents of the envelope or container and the notation:

> "CONTAINS CONFIDENTIAL INFORMATION COVERED BY PROTECTIVE ORDER TO BE OPENED ONLY (1) BY OR AS DIRECTED BY THE COURT OR (2) BY WRITTEN AGREEMENT OF THE PARTIES."

14. If Confidential Information of the other party is used at an oral hearing or, at trial, the party asserting confidentiality may request that the portion of the proceeding wherein use is made shall be *in camera*, that the transcript of that portion of the proceeding wherein use is made will be maintained by the Clerk under seal with access thereto limited to persons entitled to access by this Protective Order, or that the Court take other action to protect the confidential or trade secret nature of the information being provided.

15. The acceptance of material designated "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY" shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential. The party asserting the confidentiality of information or the need to designate such information as "CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY" shall bear the burden

of establishing that the information is truly confidential or highly sensitive if the other party disputes the designation given to information thereto.

16. This Protective Order shall not be construed to prevent any of the parties from applying to this Court for further or additional Protective Orders, or from agreeing between themselves to modifications of this Protective Order, subject to the approval of this Court.

17. Upon final termination of this action, including all appeals, the receiving party may retain at its trial counsel one archival set of documents, things, copies and samples of materials designated as "CONFIDENTIAL MATERIAL", including any documents and things comprising attorneys' work product which may include Confidential Information. With respect to any such retained material, this Protective Order shall survive the final termination of this action to the extent the information in such material is not or does not become known to the public and continues to be binding upon all persons to whom Confidential Information is disclosed hereunder. Within ninety (90) days of final termination of this action, including all appeals, all other copies and samples of material designated "CONFIDENTIAL MATERIAL" and any other summaries, abstracts, excerpts, indices and descriptions of such material and information derived from such material that are recorded in any tangible form, shall be assembled and returned (except for any that may be retained by the Court) to the party who produced it. Any documents, things, copies, notes and other materials designated "CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY," as well as any notes, summaries, abstracts, indices, or other documents describing the same, shall also, within the described ninety (90) day period, be assembled and returned to the party who produced it. No copies of any information designated "CONFIDENTIAL MATERIAL - FOR TRIAL

COUNSEL ONLY" shall be retained for any purpose. Upon final termination of this action, no representative of the receiving party other than trial counsel shall retain any copies or samples of any material designated "CONFIDENTIAL MATERIAL" by the other party and no representative of the receiving party shall retain any copies or samples of any material designated "CONFIDENTIAL MATERIAL - FOR TRIAL COUNSEL ONLY."

18. Insofar as the provisions of this Stipulation and Order restrict the communication and use of information, such provisions shall continue to be binding after the conclusion of this action except that a party may seek the written permission of the producing party with respect to the modification of any such provision.

19. Any party hereto may enforce the provisions hereof against any other party before the Court or, if the Court does not have jurisdiction, before any court which has jurisdiction. Any party may enforce the provisions hereof against persons that are not parties hereto in any court of competent jurisdiction. The parties agree that equitable and injunctive relief may be granted to enforce this Stipulation and Order.

20. To the extent notice or identification is required to be given under the terms of this Protective Order, such notice or identification shall be provided by facsimile and first class mail.

21. The restrictions and obligations set forth herein relating to material designated Confidential Information shall not apply to any information which: (a) the parties agree should not be designated as Confidential Information; (b) is already general public knowledge; (c) becomes general public knowledge other than as a result of disclosure by the receiving party, its employees or agents in violation of this Protective Order; or (d) comes into the receiving

party's legitimate knowledge or possession independent of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate some independent confidentiality obligation to the producing party.

**LOMMEN, NELSON, COLE & STAGEBERG, P.A.**

Dated: Oct. 13, 2001

By [signature]

J. Christopher Cuneo, #20370
80 South Eighth Street
1800 IDS Center
Minneapolis, Minnesota 55402
(612) 336-9301
(612) 339-8064 - Facsimile

Attorneys for Plaintiff Tim Braun

**GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.**

Dated: Oct. 10, 2001

By [signature: Angela L. Rud]

Angela L. Rud, #264714
Gregory G. Pinski, #296399
3400 City Center
33 South Sixth Street
Minneapolis, MN 55402
(612) 343-2800
(612) 333-0066 - Facsimile

Attorneys for Defendant Gung-Ho Company

**ORDER**

Based on the foregoing Stipulation:

**IT IS HEREBY ORDERED** that the above Stipulation shall be, and hereby is, adopted as the Order of this Court, and the parties are directed to fully comply therewith.

**IT IS FURTHER ORDERED** that the Clerk of this Court is directed to maintain the confidentiality of any documents filed with the Court in accordance with this Stipulation.

**BY THE COURT:**

Dated: Oct. 17, 2001

The Honorable Ann D. Montgomery
Judge of United States District Court

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | | |
|---|---|---|
| Tim Braun,<br><br>Plaintiff,<br><br>vs.<br><br>Gung-Ho Company, a California corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL FILE NO. 01-752 (ADM/AJB)** |

**UNDERTAKING OF ________________**

**STATE OF _________** )
) ss.
**COUNTY OF _______** )

I, being duly sworn, state that:

1. My present address is ______________________________. My present employer is _______________, and the address of that employer is _____________________ ______. My present occupation is ________________________.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use

only for purposes of this action, any Confidential Information, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me.

4. I will return all Confidential Information that comes into my possession, and all documents and things that I have prepared relating thereto, to trial or outside counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so.

5. I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that the parties may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

______________________________
Signature

Subscribed and sworn to before me
this ___ day of ______, 2001.

______________________________
Notary Public
My Commission Expires: __________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.