UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

TIM BRAUN,

Plaintiff,

v.

GUNG-HO COMPANY, a
California corporation,

Defendant.

Civil No. 01-752 ADM/AJB

**ORDER**

The above matter came before the Court on Plaintiff's Motion to Compel Discovery. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion is **granted in part, denied in part, and dismissed without prejudice in part**. [Docket No. 21];

2. Plaintiff's Motion, as it relates to Defendant's Answers to Plaintiff's First Set of Continuing Interrogatories, presents no justiciable controversy and is therefore dismissed without prejudice as moot;

3. Plaintiff's Motion, as it relates to Interrogatories 1-5 and Request Nos. 1-39, 41, 43-45, 47-49, 51-54, 59-60, 62-63, & 67-68, presents no justiciable controversy and is therefore dismissed without prejudice as moot;

4. Defendant shall describe with specificity all confidential information, which Defendant believes supports the validity of the non-solicitation clause referred to in Count one of Defendant's counterclaim;

5. Defendant shall describe with specificity all protected information, which

FILED FEB 20 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Defendant believes Plaintiff misappropriated in violation of the Minnesota Trade Secrets Act;

6. With respect to all protected information, which Defendant believes Plaintiff misappropriated in violation of the Minnesota Trade Secrets Act, Defendant shall describe with specificity all efforts made to maintain its secrecy;

7. With respect to all protected information, which Defendant believes Plaintiff misappropriated in violation of the Minnesota Trade Secrets Act, Defendant shall produce all documents demonstrating or reflecting the amount of time and money expended in its development;

8. With respect to all denials and qualifications presented by Defendant in response to Plaintiff's First Request for Admissions, Defendant shall provide the alleged facts upon which said denials and qualifications were/are based;

9. Defendant shall produce all documents

(a) reflecting information discussed in paragraphs 4 and 5, and

(b) demonstrating the efforts discussed in paragraph 6;

10. Defendant shall produce all documents, which demonstrate or reflect that a business relationship or a prospective business relationship existed between Defendant and the accounts described in Request Nos. 1-36 during the 18 months immediately prior to hiring Plaintiff;

11. With respect to the accounts described in Request Nos. 1-36, and with respect to sales orders that were completed by Plaintiff during the time when Plaintiff was employed by Defendant, Defendant shall produce documentation demonstrating or

reflecting net profits on said sales, and documentation which relates to the method used to calculate said net profits;

12. With respect to the accounts described in Request Nos. 1-30 and 33-36, and with respect to sales orders that were completed during the time after Plaintiff was employed by Defendant to date, Defendant shall produce a sales by customer summary;

13. With respect to Block Financial, and with respect to sales orders that were completed during the time after Plaintiff was employed by Defendant to date, Defendant shall produce documentation demonstrating or reflecting net profits on said sales, and documentation which relates to the method used to calculate said net profits;

14. Plaintiff's motion is denied, to the extent that it relates to Request Nos. 40, 42, 50, 55-58 and 64-66, and to the extent that said Requests seek material not covered above; and

15. Plaintiff's request for fees and costs is denied

Dated: 2/20/02

Arthur J. Boylan
United States Magistrate Judge